All right, we're ready to hear argument in our next case Bledsoe versus Cook I'm sorry, not Bledsoe versus. Yeah, it is. All right, Mr. Bledsoe. Go ahead morning, Your Honor May it please the court? My name is Joseph Bledsoe and I am the chapter 13 trustee in the bankruptcy case of Robert and Cheryl Cook No relation to opposing counsel The issue in this case is whether or not the bankruptcy court erred when it determined that it had no discretion To consider the reasonableness of the debtors average contractual monthly mortgage payments in this case the debtors filed a chapter 13 They completed the means test because they are above median income debtors The means test would have given them a mortgage deduction of about eleven hundred dollars give or take I think a few dollars short of that They took a deduction on the means test for about twenty two hundred dollars twenty two plus some change which was more than twice the amount The trustee objected my argument was not that the debtors are not allowed that deduction But that to the extent the debtors want to take a deduction That is over and above what the means test allowed they have to show reasonableness And I think that's fairly clear from the at least my interpretation of the statute Can I just ask you I mean this seems like a totally reasonable argument and I think on balance I can understand why you'd want To give bankruptcy courts more discretion rather than less But why isn't that just antithetical to the Bankruptcy Abuse Protection and Consumer Act I understand why Bankruptcy courts might not like having less discretion I understand why trustees might not like bankruptcy courts having less discretion But isn't this a statute by its very nature takes discretion away from bankruptcy court judges well I think it does take some discretion away But not totally and in terms of the that specific deduction if you read 707 b2 a2 And it talks about the debtors When it comes to the mortgage deduction It says the debtor shall be allowed a monthly expense in the amount specified So the way that the bankruptcy code breaks it down you have the the first and I'm gonna adopt mr. Cook's Terminology here you have this the first clause To and that deals with the national standards the local standards and the other Necessary expenses and then clause 2 has several different sub clauses then you have clause 3 and you have clause 4 Clause 2 Specifically deals with the mortgage deduction and it says the debtor shall be allowed a mortgage deduction in the amount specified It doesn't say in the amount specified unless the debtor wants to claim something else and if you look at the structure of it The way you have the national standards, which is the mortgage expenses and utilities expenses you have the local standards Which is the vehicle operation and ownership? The other necessary expenses the IRS kind of divides those expenses into two categories You have other necessary expenses and you have other conditional expenses now the rest of most of the rest of Clause 2 and clause 3 And clause 4 they kind of incorporate what the IRS would consider under those other expenses whether they're Necessary or conditional so for example if you've got clause 3 that talks about Rescue under your reading. What is the point of clause 3 in this situation? What work does clause 3 do I? Think clause 3 is a formula. I don't think that the debtor is not going to be Entitled to any secured debt deductions I think that there are times when a debtor could be allowed a secured debt deduction But not the full amount of the secured debt depends on what the debt is It just I mean I guess another way to think about this it seems strange to me admittedly It's been a while since I took secured transactions or bankruptcy But I mean the fundamental principle is that secured creditors get paid in full I mean like telling me that I can take a mortgage interest deduction for half of the amount of my mortgage is Just another way of saying I can't pay my mortgage It's just another way of saying I can't stay in my house because my secured mortgage company is not going to accept 50% of my mortgage payment as full payment and what they're going to do is they're gonna exercise their security interest right that's right So that's telling me that I can't actually stay in my house well not necessarily I would say first of all I would say if Clause 3 is a standalone provision which allows the debtor to deduct secured debts regardless of what kind they are Then you have a stronger argument except that this particular secured debt is already addressed in clause 2 It's already addressed under the local standards And it says that I don't see how that's responding to my view that in this view You're actually telling debtors They can't stay in their house because but they'll just take these debtors your your position is these debtors can deduct half of their monthly mortgage Payment which means the bank is gonna foreclose which means they can't stay in their house right my position would be I think better Stated that the debtors can stay in the house, and they can maintain that mortgage payment But how the bankruptcy court can make a finding that to the extent the the mortgage payments exceed the amount of the IRS allowance That's nevertheless reasonable and in a lot of cases That's gonna be the case. I think you know it's a matter of degree if you have debtors that come in and let's say 20 years ago, they bought a house, and they raised their family in that house And then they got some repairs done on the house they put a new roof on it They put a new floor on it now They have mortgage payments that exceed the IRS allowance the bankruptcy judge could well find that that's reasonable under those Circumstances and allow them to stay in the house Can I ask you has any other Court of Appeals agreed with this interpretation of the statute your honor? I believe the answer is no well I think that the the more accurate answer is none of the other Courts of Appeals have addressed the specific issue What what about the Sixth Circuit and the Ninth Circuit involved in Drummond? Thank you honor in the Sixth Circuit the issue was a little bit different in in both of those cases the trustee basically Conceded that the means test as constructed would allow this kind of deduction They didn't challenge whether the means test actually says that in Sixth Circuit what the trustee said was well Yeah I know that the means test allows this mortgage debt deduction But the means test should really only be a starting point for the consideration of disposable income what we should really look at is Schedule I in other words that trustee And I don't agree with that trustee at all said we don't care about the changes to the law We don't care about the means test we want to go back to the way it was but but Didn't the Ninth Circuit and Welch pretty much nailed down the argument against your position when they said that disposable income the calculation requires debtors to subtract their payments to secured Creditors from their current monthly income Congress did not see fit to limit or qualify The kinds of secured payments that are subtracted to reach a disposable income figure Why Why would we then Read into the statute that little subsection three any limitation on secured debt when the statute itself and in that subsection Talking about secured debt makes no limitation. Well your honor first all I would say that in the Welsh case again The issue wasn't in front of the court Specifically in that way in the Welsh case the trustee again said the means test allows this deduction But to allow the debtor to take this deduction while paying this minuscule amount to his unsecured creditors That's just not good faith. Well. That's not a good argument I mean I was a debtors attorney for 20 years before I became a trustee and that's an easy one to knock out of the Park if the code does actually allow for this deduction How can it be bad faith? To ding that I mean how can it be bad faith for the debtor to actually step up and take the deduction to which he's Allowed the trustee in that case argued the wrong thing And I think an answer to your question if you read all of the different clauses and sub clauses around clause 3 The wording is different and it should mean something in every single one of the other clauses it talks about the debtors allowable expenses it doesn't talk about that in clause 3 it basically just sets forth a formula for for amount of a secured debt whether or not that secured debt should be allowed should be considered in the Totality of 707 B. It should be considered as whether or not it would be an other necessary expense under the IRS's Definitions because in the IRS a manual again You've got other necessary expenses and other conditional expenses for an expense to be necessary It has to be an expense that's reasonably necessary for the health and welfare of the debtor or it has to be an expense that the debtor incurs in Generating income if it's not a necessary expense. It's a conditional expense and there are a number of different examples Congress in its wisdom decided that it was only going to allow Deductions for other necessary expenses I think the question is does each one of these separate little clauses and sub clauses are they standalone provisions that say You get this deduction in this amount if it is if each one of them stand alone that I have to concede Mr.. Cook and the debtors win in this particular case, but I don't think that's a proper reading of it I don't think that's consistent with the purpose of the means test as Explained in ransom where the court said the purpose of the means test is to make sure that creditor debtors who can pay their creditors Do pay their creditors? There's also dicta in ransom that specifically talks about now ransom was about a case where the debtor had no car payment But there's dicta in that case where the Supreme Court says if the car payment had been higher than the IRS allowance The debtor would be limited not to the to the actual amount of the payment the debtor would be limited to the IRS allowance now It's dicta, but it's important dicta, and it's directly bearing on this so I think what you have here is Clause two that deals At least debts that are secured by the debtors primary mortgage Primary residence, then you have in that same section debts that are Dealing with the debtors primary vehicle if it's not one of those types of secured debts Then it's not dealt with under a national local standard it's only dealt with as an other necessary expense, and if you read all of the 707 b2 together and you say these kind of work together in Concert with each other then you have this way to calculate a secured debt But it still has to meet the necessary expense category before the debtor is going to be allowed that but even beyond that That's that's really more with respect to other debts like the debtor buys an air conditioner right before he files bankruptcy is that going to be reasonable Probably so especially the deeper south you go you're going to need some air conditioning So that's going to be a reasonable debt, and that's going to be an easier one to do but since 707 be already Specifically addresses the mortgage debt, and it says you will get this specific amount The only way you can get more than that it seems to me is if you go to special circumstances And that's provided for you can go to court when you say it specifically addresses the mortgage debt. What do you mean by that? well the 707 B to a to one the debtors monthly expenses shall be the debtors applicable monthly expense amounts Specified under the national standards and the local standard so the national okay, so but that that I thought so that that's actually doesn't say It your mortgage. It doesn't say on your primary residence It refers you to these IRS forms right but the local standards include local standards are comprised of the Residents mortgage expel it has all kinds of so is I am I correct that the the principal purpose or the pre-existing purpose of Those standards is for IRS purposes It's for tax purposes and that what the bankruptcy code is just doing is saying you know rather than a ran So it turns out when people know the government taxes you have to figure out how much money they have to devote to taxes to other things and not surprisingly the IRS has a big interest in that so they promulgate all these forms to figure out how much you owe The IRS and taxes and then the bankruptcy code comes along and says you know we could count it We could create new standards, but it turns out the Treasury has already done these for tax purposes So rather than reinvent the wheel we'll just reference those that's what the bankruptcy code basically does That's basically what I think it does okay well so that then it doesn't mean that every single thing That's in one of those IRS standards has to necessarily apply in bankruptcy. That's the link. I'm not sure that I well I think I think if you read all of 707 b2 again All of the different sub clauses of clause to deal with expenses that are covered in the IRS's other expense category So basically what Congress did they said for each of these type of expenses? We don't need the bankruptcy court to judge those those are going to be reasonable expenses But it deals with if you go down that list Nowhere on that list does it address a debt for the debtors mortgage for the primary residence or for the primary vehicle? It doesn't have to because those are already Specifically addressed in the national standard and this court kind of came at it the other way in the Jackson V Lynch case where the bankruptcy Administrator for the Eastern District was arguing if the average mortgage payments are lower than the IRS standards Well, that's what the debtor should be able to deduct on the means test and the court said no the statute doesn't say that the statute Says you get the amount specified Why do you get the amount specified? but if the debtor doesn't like that amount they can go over to the secure debt deduction which under the IRS and the Supreme Court Has said you can consult the IRS manual for interpretation of how these things should be applied in bankruptcy To agree with me that the Lynch decision never Expressly addresses whether or not mortgages are properly dealt with under clause 2 or clause 3 I mean I agree that Lynch talks about clause 2 But I don't see anything in Lynch for the court is actually dealing with an argument And I think I went back and looked at the briefs And I don't think anyone in Lynch and the briefs was arguing about what it was clause 2 versus clause 3 I don't I think that's correct your honor. I think that There was no reason to get to the clause 3 argument in that case because clause 3 the average Contractual payments would have gotten you to the same place as clause 2 and that's not what the debtor wanted in that case So I would absolutely agree with that but I think if Congress takes the time and sets up and says we're going to address the mortgage and the primary vehicle under this section Then there has to be some Indication that Congress also meant to allow a spillover if the debtor didn't like that result and again I'm not saying that the debtors gonna lose their house if the court were to Vacate remand back to the bankruptcy court the bankruptcy court would have the opportunity to review this and say well under these circumstances This is a reasonable expense, or this is not a reasonable expense And I think all of the kind of good faith arguments that this court is considered Before would go into that if the debtors been in the house a long time they raised their family there I mean frankly I'm not even going to raise an objection in that case because just common sense says there's nothing wrong here But the debtor who buys the house six months before and it's four times the IRS allowance There should be some mechanism And I think the code provides that mechanism for the bankruptcy judge to review that and see is that reasonable under these circumstances All right, thank you. You have some time in rebuttal mr.. Cook Judges and may it please the court. My name is Richard cook. I represent the app Elyse Robert and Cheryl cook as the trustee point out There is no relation. I think that's what confused me in the beginning the names are the same quite the coincidence In 2005 Congress made very clear with passage of what I will refer to as BAPC for the bankruptcy abuse prevention Consumer Protection Act Under BAP CEPA Congress intentionally Intentionally removed judicial discretion when determining whether or not a consumer debtor has the ability to repay their debt In a chapter 13 context a Means test was created the means test mirrors a lot of chapter 7, but looking to the chapter 13 means test itself You take the debtors current monthly income and you subtract amounts Reasonably necessary to be expended, and I'm putting those in quotes because it reads from the statute When you're deducting expenses on the chapter 13 means test amounts reasonably necessary to be expended Shall be determined use of that word shall is very important shall be it's determined in accordance with subparagraphs a and b of section 707 b2 So this is where the chapter 7 means test is incorporated Congress was very explicit With the chapter 13 means test that the amounts reasonably necessary to be expended If that amount shows up in the chapter 7 means test Congress has already said it's reasonable. There doesn't need to be a separate reasonableness determination Use of the word shall as we know Mandates the statute must be followed the courts lose discretion with use of the word shall Turning to the chapter 7 means test incorporated in chapter 13 If you look at 707 b2 we'll call it clause 1 Under clause 1 it says you can the current month that you deduct Expenses that appear in clauses 2 3 and 4 it doesn't say just clause 2 or just 3 or just 4 if it appears in Any of those three buckets you get to claim it if you look at clause 2 which is what the trustee is focused on with? the IRS standards Halfway through that particular clause it is crystal clear. It says notwithstanding any other language in this section This does not include debt payments We don't So we know clause 2 has zero application when we're discussing mortgage payment because Congress has told us that again it uses the word shall If you look at the forms if you turn to the joint appendix You can see the official forms which debtors are required to use There is there is no choice here. You don't have in some districts. You can use a different means test No, the whole country uses required to buy rule 9009 a of the bankruptcy rules These official forms you can see it in the joint appendix What level of deference do we owe to those forms? I mean the forms don't have the status of positive law So I guess in principle one of the forms could be inconsistent with the statute, right? Hypothetically, yes what I can say that was rule 9009 C tells us we actually give the forms deference We are to interpret the forms to be consistent with the relevant bankruptcy. Well, that's not what you're doing here You're asking us to conclude that the code means what the forms say not that the forms mean what the code says Well, I think I think it's it they kind of tie into each other because I think they're one in the same because if you look At the specific example if you look at joint appendix on page 68 So it's it's paragraph 9 of the means test where it discusses the the IRS standard for a housing expense What it does is you list the IRS standard for your household size for a housing expense But then you simultaneously deduct from that your actual mortgage expense and so in a situation like here We have zero and so like it follows the official form follows clause 2 in that Clause 2 does not include debt payments. And so because this debt payment is larger than the IRS standard We don't we actually don't have a deduction under clause 2 here for the mortgage payment. And so I think that is a scenario where you see Forms mirror the statute so where clause 3 comes into play on the actual means test and you see it in this case Page 71 of the joint appendix. It's paragraph 33 of the means test that that says List your secured debt payments secured by a mortgage, you know your house debt car debt You list all of them and there are no qualifiers It doesn't say only the reasonable ones or this because we know because you look at clause 3 itself Clause 3 doesn't have any qualifiers. It says you shall Calculate secure debt payments as the total of all contractual payments that come in the next 60 months You divide it by 60 and that's exactly what was done here So just make sure that it so in the real world the upshot of your position is is that a debtor a debtor? Who actually has a mortgage you have to have a mortgage, right? That's the the case about you in order to deduct your car payment. You actually have to have a car payment So a debtor who actually has a mortgage Am I right that the practical upshot of your position gets the higher of their actual mortgage payment or the IRS guideline? Correct in in the easy. It's doing the math calculations going back to pair, right? But at the end of the day, they're gonna get to deduct the higher of those two numbers. Is that correct? That's exactly what judge Thacker wrote in Lynch versus Jackson is you get the higher of the two That's just that that's just how the statutes are written Did you get you don't punish frugal debtors, this is exactly what you said judge Thacker Lynch versus Jackson You don't punish somebody who's saving in fruit But here you're gonna punish these debtors because you know, the whole point of BAFSA was those who can pay must pay But wait, so that was true in Lynch and Lynch. We weren't gonna punish debtors who are frugal We don't punish debtors who have a mortgage that's cheaper than the local average But your friend on the other I mean the the best practical argument You're rewarding debtors who are profligate, right? So by definition if you're in bankruptcy, you are someone who has more bills than income That's what it sort of means to be bankrupt, right? And so under your rule someone who took out a mortgage in a house that they absolutely positively could not afford the opposite of a frugal debtor a profligate to debtor a house poor debtor gets to keep From their unsecured creditors the entire amount of their massive mortgage payment. I don't see how that's protecting frugal debtors That seems like it's rewarding profligate debtors Well, what I can't say this was touched on in the Ninth Circuit case in Welch is that there be an argument in that scenario? Bad faith, you know, I think one of the cases they were referencing in the Ninth Circuit case was the debtors had a $5,000 mortgage Pay $5,000 a month mortgage payment. I think then we drift into to bad faith But I mean, I don't mean to sound callous like this, but it's I mean Congress makes these policy calls Sure, like that that's you know, you said judges were here to call balls and strikes, you know, what did Congress write? Well Congress wrote that judges can't make these decisions they've tied these judges hands and part of that is like Stability in the mortgage market like you were pointing out during opening argument is there. What's the recourse here? like what do we do then if if Clients here the cooks if they had to dedicate an extra $1,100 a month into a bankruptcy plan that they don't have That's over and above their actual mortgage payment. So then are they gonna have to triage then? Okay. What are we letting go now? Do we have to let go? Well the car we had to have what we're gonna have to let that go or we have to let go of the house So, how do you promote stability in the mortgage market by requiring people to surrender their homes just to afford their bankruptcy repayment plans? Even if they were current the mortgage when they filed which is what we have here Even if there's no equity above exemption, which creditors can't touch again We have here you're gonna force people out of their houses to comply with with a made-up test that Congress says You don't you don't have to because going back to BAPC for was if you have the ability to pay you pay But here this isn't that case like they're paying over and above the mortgage like you're asking them to pay over It's not like there's some savings sitting around here and we're gaming the means If you just walk you could you just walk me through the code how that that that example you gave of the debtor with a $5,000 mortgage that would be bad faith. So how could a bankruptcy court notwithstanding your view of BAPCPA get to the point of saying? You can't actually make your $10,000 mortgage payment that you took out a month before you declared bankruptcy How would it under your understanding of how the statute works? How would the how would a bankruptcy court disavow that? But you'd have to turn to the initial provisions of 1325, which those are the requirements for confirmation 1325 I think it's a three is the plane has to be proposed in good faith If the debtors and you see this in the chapter 5 context of fraudulent conveyances, it's like if you were intentionally taking money and Hiding it from your creditors That's that's a fraudulent transfer. It's a fraudulent transaction. And so these could these conditions of bad faith You know, you've badges of fraud things of that nature So the court wouldn't allow you the way they the way the court would do it is they wouldn't allow you to declare bankruptcy in A plan that I guess you'd file the procedural mechanics would be file the case There'd be the objection to confirmation The judge would deny confirmation of that plan and if the debtor can't come back with a confirmable plan the case would be dismissed Okay And so it's not as though I mean hypothetically the case could be converted to a chapter 7 If that was in the best interest of creditors to where if there was substantial equity The house could be liquidated But it's that's not a means test issue. That's more of a good faith issue And I mean this is a scenario where I mean the particular County where my clients live is the second largest Geographically in North Carolina like they happen to live close to the beach so there are they punished for that so because let's get into if we go down this rabbit hole of Reasonableness is now grafted onto the statute even when it's not there. So how do we how do we approach this? So what is this court then going to craft the reasonableness standard? That we have to follow in these types of cases because that's going to split with both the 6th and the 9th circuit So we're going to create a circus, but right there in and of itself What do we do? What do we look at like the interest rate like did you maybe your payment is too high and unreasonable because you had a bad interest Rate well, maybe you had a bad interest rate because you defaulted on your credit cards You couldn't refinance your money like how do we do this? Like how does the debtor present this information to the court and at what cost is there going to be a separate brief? Confirmation Why I get to stay in my house If you're current with your mortgage payments, and there's no equity above exemption you keep your house in bankruptcy And so in especially in a chapter 13 the debtor always stays in possession control their property So you're having to justify staying in your own home. I don't understand it. So what if it's a debtor who? Wanted to live in the best school district in the county, but that requires living in a more expensive house They did that as an alternative to sending their kids to private school and maybe more. Where do we draw these lines? How do we? What does that look like and again if we start finding that your payments not reasonable? Do you have to leave the house? But where else are you gonna go do I then also have to show you what the rental market looks like for when I have? To let my house go Do I have to show you what else is on the market that I could be buying the affordability with interest rates? Are we really gonna micromanage people's lives to that extent? To determine where you get to live like not only are you filing bankruptcy because you can't afford your debts But you're filing a bankruptcy to have a judge. Tell you where you get to sleep going forward This is exactly what have SIPA didn't want like we have to listen to Congress at some point when they said Judicial discretion is being removed Shall is being used all over these statutes because Congress has said if we put it in the code You follow that that makes it reasonable. We've called it reasonable and again. We know the Supreme Court has said on many occasions We want stability in the mortgage market You're not going to have stability in the mortgage market if there's a question of when you file bankruptcy Even if you're current on your home, there's no equity above exemption. You still might have to give it up That's that can't be what Congress intended And so I additionally want to point out if we go down this road of following the trustee here How do we how do we get them are we gonna mark up the official forms in just the fourth circuit? Say well, you know in the fourth circuit these forms go ahead and say There's a possibility of confirmation. You're gonna have to justify the reasonableness of your mortgage expense Reasonable already appears in other places. Are we gonna change these official forms just for the states in the fourth circuit? I mean, how's that gonna look? How does that work? It's just gonna create too much confusion Bankruptcy rule 1001 says we need to interpret these rules for the for the just expedient and cost-effective determination of cases This is going to do the exact opposite confirmation hearings today in a chapter 13 case Take place in about 15 seconds judge reads out a list of cases. Are there any objections to confirmation? No, we confirm the cases What happens now is if this is an arrow the trustee can have in his quiver of like you've got to show me that this Mortgage payment is reasonable. We're going to be having half-hour hour two hour confirmation hearings per case So and you have a calendar with 15k we're gonna be here all day. We're gonna be here until tomorrow So what judicial resources are we gonna waste on this reasonable determination when Congress has said we don't have to have this reasonable It has to mean something if in clause 2 the word necessary appears seven times You see it seven times Necessary or reason I'm sorry reason the word reasonable appears seven times in clause 2 It doesn't appear once in clause 3 and clause 3 is what lets you deduct the mortgage If you have the payment, you're good And we know Hamilton versus land you actually have to have the payment if you surrender the property You can't deduct the secured payment but if you're keeping the property and you're gonna keep making the payments you get it up the whole payment on the means test and so In closing The plain language of these statutes could not be more crystal clear Shall mean shall it removes judicial discretion both the Sixth Circuit and the Ninth Circuit were correct on this issue Supreme Court in ransom versus FIA card services in 2010 was also crystal clear that SIPA has taken discretion away from bankruptcy judges in favor of a bright line test Sometimes that bright line test may end up with some results. We don't like that's not our job to Address the propriety of that public policy concerns are going to be addressed by Congress Pelley's asked that the lower court the bankruptcy court be affirmed All right, no other questions, thank you, and we'll hear again from mr. Bledsoe, why don't you tell us why shall does not mean shall Why doesn't it mean shall in clause 3 It says that the amount of secured debts shall be calculated in this manner. Now, it's a perfectly reasonable interpretation to say yeah the debtor gets them, but at the same time, if you read the whole arc of 707-D where they bring all the different clauses, they kind of Match on each other, they overlap a little bit, so that we've already got a section that says for the mortgage debt Here's the deduction you get. So why do you also, why did Congress also address it in this section? Why didn't it just say, for example, for the mortgage debt, that the debtor gets the amount of the contractual mortgage payments? That's easy enough, and that covers the case where it's above. I guess the answer would be if the average mortgage payment is lower than the IRS allowance But even that, you can say the debtor gets the IRS allowance for the average contractual mortgage payments, whichever is higher. Congress didn't say that. I don't think it's fair to say that Congress intentionally took away all judicial discretion, because clearly the debtor can get up to 10% more on their food costs And they can get up to 10% more on their energy costs, and there are other costs that the debtor can do, if the court finds those expenses to be reasonable. But no doubt this was meant to severely limit judicial discretion, and it does that. So if the debtor has a mortgage payment or a rent payment, and it's at or below the IRS allowance, there's no discretion. It doesn't matter if the mortgage payment is $200 a month and the IRS allowance is $1,000 a month. The debtor is going to get that $1,000 a month. The question is, if it's $2,000 or if it's $3,000. And I disagree that that was something that you could challenge in the good faith argument. Because again, if the debtor is doing what the code allows them to do, that can't be bad faith. If the code specifically allows this deduction, it doesn't matter if it's $10,000 a month. You may object on feasibility, but the debtor can't make the payment. They can't object on good faith, because that's what the code says you can do. That's like saying, well, my tax liability is $5,000, but it's bad faith if I don't pay it in just because I have the ability to. Well, that's not the way that works. If the code allows you to do it, the code won't. I think the reasonableness is appropriate to question. I think that you question it because the mortgage debt is under clause 2. I think clause 3 just says, again, this is how you calculate secured debts. And then it's the overall scheme of things. We know that this was that scheme of things. If you could afford to pay your debts, you would. There's nothing that clearly says in clause 3 that you get a deduction for that. Whereas every other clause around it talks about the debtor shall be allowed an expense. So it's clear that if you look at clause 2, sub 1, 2, 3, 4, 5, 6, clause 2, 2, 3, 4, 5, 6, 2, 2, 3, when you're talking about special circumstances, it talks about the debtor being allowed expenses. This one section is written differently. And the only way I can see that it has some type of meaning, the fact that it's written differently, that it doesn't say that the debtor shall be allowed an expense. You know, the average amount of secured payment is the same. This has got to relate to something else. And what it relates to is, is this going to automatically be considered an unnecessary expense? It doesn't have discretion to look at that and consider it. Now, I think in most cases, you're talking about going $200 more than the average payment, $300, $400. I think, frankly, in this case, I'm not confident that the court can get back to the bankruptcy court that I was in on this issue because the debtors have become upset. We've been there for a while. We've raised the family here. Let's go get it. Keep it. It's just a matter of making sure that the state of all parties, bankruptcy court, is more than equity. And the code does not specifically say that you can do that. It's unclear. And it should not be allowed that now. I shouldn't read it. All right. Thank you for your argument. We'll come down and greet counsel and then hear our last case.
judges: Stephanie D. Thacker, Toby J. Heytens, Barbara Milano Keenan